HORTON, Judge.
This appeal is from a final decree of the circuit court of Dade County taken by intervening defendants, Eugene Hardy and Leon Trantafilu, appellants herein, and presents another facet of the litigation arising out of Dade County’s acquisition and operation of a unified bus transportation system.[1]
The question here involved concerns the power of the Board of County' Commissioners of Dade County (hereinafter referred to as the Commission) to establish an emergency eligibility list for employment of personnel for the Dade County transit authority which was limited solely to former employees of the private transit system.[2]
The record discloses that on February 9, 1962, Dade County purchased and began operating the bus system in Dade County. The bus ' drivers were ón strike and the county required personnel for the operation of the system. In compliance with § 839!-221(4), Fla.Stat., F.S.A., and County Ordinance # 60-23,[3] the county" offered all former employees of the private transit system positions as civil service employees of the county at the same wages, job classifications, and seniority they had previously received. From February 9 until February 16, 1962, the county restricted all employ *910 ment of transit personnel to. former transit employees of the private system. However, most of the former employees declined the county’s offer. Thereupon, the county commenced recruiting transit personnel from the general public in accordance with county civil service procedures. All jobs were filled and an eligibility list of qualified employees was maintained for filling vacancies. Virtually none of the former employees were on the eligibility list by reason of their failure tcuapply-for employment.
On October 16, 1962, the Commission, by motion, instructed the county manager to cause the personnel director to establish a new emergency eligibility list consisting entirely of former employees of the private transit companies and that all examinations except the medical be waived as to these employees.
Dennis Leo O’Grady, who was not a member of the bus operators’ union and who was on the former eligibility list preceding the new emergency list, instituted suit for declaratory and injunctive relief against the county commissioners and others, alleging that the actions of the Commission in ordering the establishment of such emergency eligibility list were in violation of applicable and controlling provisions of the Home Rule Charter;[4] the
Larger Counties Civil Service Law;[5] and § 12 of the Declaration of Rights of the Florida Constitution, F.S.A. On final hearing, the chancellor entered a final decree which held the actions of the Commission in establishing the emergency eligibility list to be invalid and the Commission was enjoined from utilizing it. Further, the defendants were directed to reinstate the eligibility list existing prior to October 16, 1962.
Subsequent to the entry of the final decree, Eugene Hardy and Leon Trantafilu, appellants herein, filed a petition to intervene as representatives of a class affected by the final decree. They alleged that they were former employees and members of the bus operators’ union and that their interests were not represented in this litigation. Their petition averred that the action of the Commission was lawful and that they were entitled to the priority and preference in employment given. The chancellor entered an order permitting appellants to intervene as parties defendant *911 for the purpose of filing a petition for re-? hearing and taking an appeal from the final decree. Appellants filed a petition for rehearing which the chancellor denied. This appeal followed.
Appellants contend that when a public utility is purchased from private ownership, the Board of County Commissioners may lawfully provide for the hiring of former employees of that private utility in the civil service system of such county. The sum and substance of their argument appears to be that the Commission was vested with power and authority by the provision of Ordinance # 60-23 and § 839.221(4), supra, to give the employees of the transit companies purchased by the county a preference in employment by the county, and that the action of the Commission on October 16, 1962, restricting employment of transit personnel to an emergency eligibility list consisting entirely of the former transit employees was merely the continuance of the exercise of such power. With this contention we do not agree.
We are in accord that the Commission’s action in restricting the employment of transit personnel to former employees of the private system between February 9 and February 16, 1962, was lawful pursuant to the provisions of the Larger Counties Civil Service Law, supra. This law requires that personnel rules shall provide:
“(9) For emergency employment for not more than thirty (30) days with or without examination, and for temporary or seasonal employment with or without examination, for periods approved by the Board but not in excess of six months in any one year, unless approved by the Board.”
Obviously, when the county acquired possession of the transit system, an emergency existed; the county had a transit system but no personnel with which to operate it. However, no emergency existed on October 16, 1962, that could justify the utilization of emergency .employment by means of an emergency eligibility list restricted to former employees of the private transit system when a normal eligibility list of more than 300 qualified prospective employees was already in existence. Therefore, appellants’ argument that the Commission’s action on October 16, 1962, merely constituted reinstatement of the emergency employment practice existing February 9 through February 16, 1962, is without merit.
We have carefully considered other points urged and reversible error has not been made to appear. Accordingly, the decree appealed is affirmed.
Affirmed.

. The history and background of other aspects of this litigation can be found in State v. Dade County, Fla.1962, 142 So.2d 79, and Dade County v. Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, Fla.App.1963, 157 So.2d 176.

. Members of the Amalgamated Association of Street Electric Railway and Motor Coach Employees of America (the bus operators’ union).

. § 839.221(4): “Upon the acquisition of any public utility system from a private person, firm or corporation by any state, county or municipal government, then and .in that event the employees of such private person, firm or corporation other .than executive or management staff,, shall be eligible to be included in classified civil service and other benefit provisions and systems of that governmental unit.”
Ordinance # 60-23 (g) (11): (Section 2-164, Code of Metropolitan Dade County.) “Whenever the county acquires existing transit systems' or facilities from a publicly or privately owned public utility, •to the extent necessary or feasible for the economic operation of such facilities, all of the employees ’Of such acquired • transit system whose duties ■ pertain to the facilities acquired shall be employed in comparable positions in the county service and the pay status, seniority, vacation and sick leave rights shall be pre- ' served and maintained to the fullest possible extent. All employees' of the au-thority shall be deemed, considered' or construed as county employees and shall be -entitled to all- the rights, privileges and benefits of county employees.”

. Section 3.05 of the Home Rule Charter provides in part:
“Neither the Board nor any of its members shall direct or request the appointment of any person to, or his removal from, office by the Manager or any of his subordinates, or take part in the appointment or removal of officers and employees in the administrative services of the county.”
Section 4.05 of the Home Rule Charter provides in part:
“(A) The Board of County Commissioners shall establish and maintain personnel and civil service, retirement, and group insurance programs. The personnel system of the county shall be based on merit principles in order to foster effective career service in county employment and to employ those persons best qualified for county services which they are to perform.
“(B) The County Manager shall appoint a personnel director who shall head the department of personnel and whose duty it shall be to administer the personnel and civil service programs and the rules governing them. The standards of such programs shall not be less than those prevailing at the time of the effective date of this Charter.
“(C) Except as provided herein, Chapter 30255, General Laws, 1955, as it exists on the effective date of this Charter, shall remain in effect until amended or changed by ordinance of the Board of County Commissioners adopted by two-thirds vote of the members present after recommendation from either the Personnel Advisory Board or the County Manager.”

. The Larger Counties Civil Service Law (Section 8 of Chapter 30255, Acts of 1955, Laws of Florida) as it existed on the effective date of the Home Rule Charter required, and Section 2-42(4) of the Code of Metropolitan Dade County requires, open competitive examinations to test the relative fitness of applicants for the respective competitive positions in the classified civil service of Dade County.